IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER GIBBONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL REAL ESTATE INVESTORS, LC, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:07-cv-0990-CW<br><br>Judge Clark Waddoups |

On March 23, 2011, the court entered partial summary judgment against Defendant Gregory K. Howell ("Howell") on Plaintiffs' first, third, and eighth causes of action.  (Dkt. No. 172.)  In the same order, the court deferred a decision on damages pending a stipulated agreement of the parties or the submission of additional evidence supporting Plaintiffs' losses. On April 24, 2011, Plaintiffs submitted declarations made by Andrew W. Stavros, Plaintiffs' counsel, and Peter Gibbons, outlining the Plaintiffs' losses. (Dkt No. 173.)  Defendant Howell filed a request for an evidentiary hearing on damages on May 4, 2011.  (Dkt. No. 174.)  The court held a status conference on February 23, 2012, at which Defendant Howell failed to appear. (Dkt. No. 200.)  At the status conference, the court instructed Plaintiffs' counsel to submit a request to submit the damages issue for decision and stated that if Defendant Howell did not respond to the request, the court would issue a decision on damages based on the current record. (Dkt. No. 200.)  Defendant Howell has failed to respond, and the court now issues a decision on damages based on the current record.

As the court has granted summary judgment in favor of Plaintiffs on their claim that Defendant Howell offered to sell unregistered securities in violation of Utah Code Ann. § 61-1-7, damages are governed by Utah Code Ann. § 61-1-22(1)(c).  Section 61-1-22(1)(c) requires damages to be determined in a two-step process.  First, the statute instructs the court to "subtract from the amount that would be recoverable upon a tender under Subsection (7)(b) the value of the security when the buyer disposed of the security."  Utah Code Ann. § 61-1-22(1)(c)(i) (2012).  Subsection (7)(b) prohibits suit if the buyer or seller of a security receives a written offer to "refund the consideration paid together with interest at 12% per year from the date of payment, less the amount of any income received on the security."  While there was no (7)(b) tender offer made in this case, the court must determine what such a tender would be in order to calculate damages.

Based on the evidence in the record, the court determines that Plaintiffs Gladys and Daniel Matthews paid $200,000 in consideration for an interest in Fruitland Development Group, LLC ("FDG") on November 15, 2006 and $300,000 in consideration for an interest in FDG on November 17, 2006.  Plaintiffs Peter Gibbons and Else Donnell paid $150,000 in consideration for an interest in FDG on December 16, 2006.  In their second amended complaint, Plaintiffs stated that they "tender[ed] their respective Fruit Group investment to Defendants . . . and demand payment of such damages."  Second Amended Verified Complaint 28, ¶ 180 (Dkt. No. 114.)  Because the evidence shows that Plaintiffs never received any documentation of their interest in FDG, which prevents the court from looking to a transfer of documents to determine when Plaintiffs disposed of their interest in FDG, the court will consider September 17, 2009, the date the second amended complaint was filed, as the date that Plaintiffs disposed of their interest in FDG.  Plaintiffs claim that they have never received any income from their investment in

FDG, and Defendant Howell has not presented any evidence to contest this assertion. Also, at the time of disposal, the value of the securities held by Plaintiffs was $0.  Therefore, the amount of damages suffered upon disposition of the securities is equal to the amount of consideration each plaintiff paid plus 12% annual interest up to the date Plaintiffs disposed of the securities, or $670,268.49 for Plaintiffs Gladys and Daniel Matthews and $199,610.96 for Plaintiffs Peter Gibbons and Else Donnell.

The second step of the damages statute instructs the court to add to the damages determined in the first step, "12% per year on the amount lost at disposition." This increases the damages award of Plaintiffs Gladys and Daniel Matthews by $234,024.70 and the damages award of Plaintiffs Peter Gibbons and Else Donnell by $69,694.30.

After both steps outlined in Section 61-1-22(1)(c) are completed, Plaintiffs Gladys and Daniel Matthews are entitled to an award of $904,293.20 and Plaintiffs Peter Gibbons and Else Donnell are entitled to an award of $269,305.26.  The Plaintiffs are not, however, entitled to a double recovery, so the court must determine if any amount of these damages should be offset.

The court determines that there is no evidence in the record that Plaintiffs have received any recovery from their losses, and therefore the damages calculated by following the steps outlined in Section 61-1-22(1)(c) reflect the actual losses experienced by Plaintiffs.  In an earlier final judgment entered against Defendant Derrick S. Betts, Plaintiffs Gladys and Daniel Matthews were awarded 1,047,200 shares of common stock in the Alpha Bay Corporation and Plaintiffs Peter Gibbons and Else Donnell were awarded 312,800 shares of common stock in the Alpha Bay Corporation as damages for losses associated with the same activities that the court addresses in this order.  Final Judgment Against Derrick Betts 17 (Dkt. No. 145.)  Plaintiffs, collectively, were also awarded $400,000 in damages to be paid in installments by Defendant

Betts. *Id.* at 18.  Based on the declarations provided to the court by Plaintiffs, which have not been rebutted by Defendant Howell, the court finds that Defendant Betts has, to this point, made no payment of damages to Plaintiffs as required by the final judgment against him.  Plaintiffs have also presented unrebutted evidence to the court that the value of the stock received as a result of the final judgment entered against Defendant Betts was worthless when it was received by Plaintiffs.  *See* Declaration of Peter Gibbons, Ex. 1 (Dkt. No. 173.)  Because Plaintiffs have not received any payment from Defendant Betts, and because the value of the stock the received as compensation for their loss is worthless, there is no danger of double recover if the court awards the full extent of damages allowed by Section 61-1-22(1)(c).

Furthermore, under Section 61-1-22(4)(a), both Defendant Betts and Defendant Howell can be held jointly and severally liable for the losses sustained by Plaintiffs in this case.  Every person who is found liable under this section may be held responsible for damages unless that person successfully asserts a defense provided by the statute.  Defendant Howell will be held liable for the full extent of the damages caused to Plaintiffs, even though a judgment has already been entered against Defendant Betts for the same losses experienced by Plaintiffs.[1]

In addition to the damages allowed by Section 61-1-22(1)(c), Section 61-1-22(2) allows the court to award "an amount equal to three times the consideration paid for the security, together with interest, costs, and attorney fees . . . upon a showing that . . . the violation was reckless or intentional." (2012).  The court has already determined that Defendant Howell "knew and intentionally sold an interest in Fruitland to Plaintiffs, thereby intentionally violating the Utah Uniform Securities Act," and that Plaintiffs are entitled to a treble damages award under

---

[1] Even though the court is not holding Defendant Betts and Defendant Howell jointly and severally liable for the full extent of the damages caused to Plaintiffs by their violation of state and federal securities laws, Plaintiffs are not entitled to a double recovery by engaging in collection actions against both defendants for the full amount of the judgments entered against them.  To the extent Plaintiffs are able to collect damages from Defendant Betts in the future, Defendant Howell's damages obligation will be offset.

Section 61-1-22(2).  Mem. Dec. and Order 7 (Dkt. No. 172.)  Therefore, as compensation for damages incurred for Defendant Howell's violation of Utah's security fraud statutes, the final damages award to Plaintiffs Gladys and Daniel Matthews is $2,712,879.59 and the final damages award to Plaintiffs Peter Gibbons and Else Donnell is $807,915.79.  An award of attorney fees and costs may be awarded by the court upon supplemental documentation.

Because awarding a separate amount of damages for Defendant Howell's violation of federal securities law would provide Plaintiffs with a double recovery, and because the court finds that the amount of damages awarded under Utah law would exceed those available under federal law, the court will not make a separate determination of federal damages in this case.

## CONCLUSION

Defendant Gregory K. Howell is hereby ordered to pay, as damages for his violation of federal and state securities law, **$2,712,879.59** to Plaintiffs Gladys and Daniel Matthews and **$807,915.79** to Plaintiffs Peter Gibbons and Else Donnell.  To the extent Plaintiffs can recover from the judgment entered against Defendant Betts, the damages obligations of Defendant Howell will be offset.

In addition, the court hereby orders that Plaintiffs' outstanding claims against Defendants Fruitland Development Group, LLC; Springwater Capital, LLC; Gregory K. Howell; and Does 1-25 be DISMISSED in accordance with Plaintiffs' stipulation, *see* Pls.' Resp. to Order to Show Cause 2-3 (Dkt. No. 213), and that FINAL JUDGMENT be entered in this case.

DATED this 14th day of August, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge